UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:12-CR-144 |
| | ) | (Phillips/Shirley) |
| DUSTIN MICHAEL JARRETT, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

## I. Introduction

On January 18, 2013, the Honorable C. Clifford Shirley, United States Magistrate Judge, filed a Report and Recommendation ("R&R") [Doc. 18] in which he recommended that the Defendant's Motion to Dismiss the Indictment [Doc. 11] be **DENIED**. For the following reasons, the R&R [Doc. 18] is **ACCEPTED IN WHOLE.** Accordingly, for the Defendant's Motion to Dismiss the Indictment [Doc. 11] is **DENIED**.

## II. Statement of Facts

The Court accepts the following facts as stated by Magistrate Judge Shirley:

An undercover agent posing as "Sherry Lane" posted an internet advertisement on Craigslist that stated, "My niece and I love to have fun. We are very close and very open minded. We would love to have fun today. Hit us up if you are you are open minded to." On September 20, 2012, the Defendant responded to the advertisement. The agent stated that she was thirty-six (36) years old and that her niece was fourteen (14) years old. The Defendant stated that the niece was too young but asked for a picture of Sherry. Sherry stated that the advertisement was primarily for

1

her niece and ended the conversation with the Defendant. The Defendant responded, "hold on a sec lets not rush off. Send pics and we can talk. I need to see what you all look like." Sherry sent pictures of herself and her fictitious niece. In response to how the Defendant would proceed with the minor, the Defendant wrote:

> Well I will start by talking too her alittle then kiss her alittle like a delicate flower. and progress from there. I will be very gentle with a soft touch. It will be a good memory for her. And if she decideds she is not ready at anytime all she got to do is say so and I will stop.

Several conversations later Sherry asked, "tell me how you will do this i mean what do you like so i can prepare her and make sure she has an idea what to do." The Defendant responded, "I like intamacy. little kisses her and there. Its not about what i like its about what she wants and needs. i can go down if that is needed. I just want to please the woman when i have sex with her." In addition, the Defendant later stated, "I will come over. we can talk a few minuets and let her get comfortable. then I would stroke her hair and start kissing her. And let me lead from there. If that is what she wants. what does she what?"

The Defendant added the following additional facts during his argument: After making arrangements and exchanging phone numbers, the Defendant traveled to meet the aunt and niece. While traveling, the Defendant stopped to purchase gifts for the minor, including condoms and a teddy bear. When the Defendant arrived at the agreed location, he was arrested and subsequently charged with attempting to violate 18 U.S.C. § 2422(b).

## III. Defendant's Objections

The Defendant makes three discrete arguments in opposition to the R&R: 1) The Defendant objects to the finding that the Magistrate Judge cannot consider in a pretrial hearing whether the Defendant had the requisite mental state to commit a violation of 18 U.S.C. § 2422(b); 2) The Defendant objects to the Magistrate Judge's finding that "communicating with an intermediary may constitute a violation of 2422(b)" [Doc. 19 at 2]; 3) The Defendant objects "to the Magistrate Judge's finding that the communication proscribed under 2422(b) does not have [to] be persuading, inducing, enticing, or coercing of the minor." *Id* at 3.

## IV. Analysis

### a. Deciding the Defendant's Mental State

The Defendant objects to the finding that the Magistrate Judge cannot consider in a pretrial hearing whether the Defendant had the requisite mental state to commit a violation of 18 U.S.C. § 2422(b). This argument is wholly without merit. The role of a jury is to determine whether a criminal defendant has the requisite mental state to satisfy the *mens rea* of a particular criminal offense. The Defendant's objection to the Magistrate Judge's finding on this matter boarders on frivolous. The Court fully adopts the Magistrate Judge's determination and the Defendant's objection is **OVERRULED.**

### b. Communication with an Intermediary

The Defendant objects to the Magistrate Judge's finding that "communicating with an intermediary may constitute a violation of 2422(b)." Rule 12 covers many areas of pretrial matters, not the least of which is to consider the sufficiency of the pleadings. The Court fully

adopts the Magistrate Judge's finding that this type of pretrial question is precisely what Rule 12 enables courts to resolve.

Moving to the substantive merits of the Defendant's Objection, the Defendant argues that "Although the Defendant recognizes those jurisdictions that have allowed the intermediary principle, it is still in violation to the legislative history as well as the plain language of the statute which clearly states the communication be with a minor." The Court disagrees. The Court is in complete agreement with the Magistrate Judge's finding that the case of *United States v. Hackworth,* which held that § 2422(b) "criminalizes conduct even when an actual minor is not on the receiving end of the communications," is the appropriate legal standard to apply in this case. 483 f. App'x 972 (6th Cir. 2012). Consequently, The Defendant's objection is **OVERRULED.**

### c. Communication under §2422(b)

The Defendant objects "to the Magistrate Judge's finding that the communication proscribed under 2422(b) does not have [to] be persuading, inducing, enticing, or coercing of the minor." *Id* at 3. The Magistrate Judge acknowledges that the objection raised by the Defendant is a matter of first impression; Judge Shirley writes,

> [B]oth parties agree, and the facts do not indicate otherwise, that the Defendant did not communicate directly with the minor but instead communicated only with the adult. Thus, this is not a case of direct persuasion, and the question before for the Court is whether a defendant must try to persuade the minor through the use of an adult intermediary or whether it is sufficient to persuade the adult to grant access to the minor. This issue, raised by the Defendant, is a novel one for this Court.

[Doc. 18 at 15]. After the Magistrate Judge's determination of the argument's novelty, Judge Shirley examines the jurisprudential argument, but concludes that since the Government will try

4

to prove, at trial, that the Defendant did in fact attempt to persuade the minor through the assistance of a fictitious aunt (the undercover agent in this case). By developing a plan of abuse with the aunt for the child, "[the Court] need not at this time address the issue of whether merely persuading the adult to grant access to the minor is sufficient." [Doc. 18 at 17]. The Court agrees with the reasoning of the Magistrate Judge. Particularly convincing is the following passage, written when discussing the offense conduct in this case as it relates to the similarity between the instant question and the case of *United States v. Saucedo,* No. 07-20286, 2007 WL 3124658 (E.D. Mich. Oct. 25, 2007):

> He indicated to the adult that he was interested in having sexual intercourse with her children. Id. The adult agreed to meet him with her children. Id. The defendant had no contact with the fictitious children nor did he specifically ask the adult to directly persuade, entice, induce, or coerce the child. Id. The court, nevertheless, found that the defendant's "conduct [fell] within the scope of § 2422(b) [and that] solicitation to a 'decoy parent' is prohibited conduct." Id. at 5. Furthermore, the court stated, "The fact that [the defendant] was talking with a 'decoy parent' does not change [the defendant's] attempt to induce a sexual relationship with a minor." Id. Accordingly, the Court finds that the Defendant's argument is unpersuasive.

[Doc. 18 at 17].. The Court is in agreement with the reasoning of the Magistrate Judge; accordingly, the Defendant's Objection is **OVERRULED.**

## V. Conclusion

The Court accepts the R&R and wholly adopts the reasoning therein. Accordingly, the R&R [Doc. 18 ] is **ACCEPTED IN ITS ENTIRETY**, the Defendant's Objections to the R&R [Doc. 19] are **OVERRULED**, whereby Defendant's Motion dismiss the Indictment [Doc. 11] is **DENIED**.

**IT IS SO ORDERED**.

ENTER:

s/ Thomas W. Phillips
United States District Judge